JOHN M. WARD *vs.* ARTHUR M. JACKSON.

Waldo. Opinion November 19, 1913.

*Declaration. Demurrer. Description. Exceptions. Mortgage. Plea in Abatement. Real Action.*

Real action to foreclose a mortgage. Defendant filed a plea in abatement on ground of pendency of another action for same cause between same parties, but did not set out or enroll in or with his plea, the record or declaration of the pending action on which he relied.

Nearly half a century ago, our court substantially adopted the early English practice which required such setting out or enrollment, and thus far that practice has been adhered to.

On exceptions by plaintiff. Exceptions sustained. Plea overruled. Judgment for plaintiff as of mortgage, in accordance with stipulation.

This is a real action to foreclose a mortgage; the writ being dated March 6, 1912, and returnable at the April Term, 1912, of the Supreme Judicial Court for Waldo County. On June 3, 1911, the plaintiff brought a real action to foreclose the said mortgage, returnable to said court at the September Term, 1911. The declaration in the first named writ contained no description of the land involved. At the January Term of said court, the defendant filed a demurrer which the plaintiff joined. At the April Term, 1912, the demurrer was sustained and at the September Term, the action was dismissed. Before that action was dismissed, the plaintiff brought the action at bar. At the return term of this action, the defendant filed a plea in abatement on the ground of the pendency of another action for the same cause between the same parties. To this plea the plaintiff made replication, and to the replication the defendant demurred. In the plea the defendant did not set out, or enroll in or with, his said plea the record or declaration of the pending action, on which he relies. At the September Term, 1912, the Justice presiding sustained the plea in abatement, and the plaintiff filed exceptions to said ruling. By agreement of parties, it was stipulated that if exceptions are sustained and plea in abatement is overruled, the plaintiff to have judgment as of mortgage.

The case is stated in the opinion.

. *F. W. Brown, Jr.,* for plaintiff.

*Reuel W. Rogers,* for defendant.

SITTING: SAVAGE, C. J., CORNISH, BIRD, HALEY, PHILBROOK, JJ.

PHILBROOK, J. On June 3, 1911, the plaintiff sued the defendant in a real action to foreclose a mortgage, but the declaration contained no description whatever of the land which was involved in the suit. The writ was entered at the September Term, 1911. At the January term, 1912, the defendant filed a demurrer, which the plaintiff joined. At the April Term, 1912, the demurrer was sustained; and at the September Term, 1912, the action was dismissed.

Before that action was dismissed, the plaintiff again sued the defendant in a real action to foreclose a mortgage, his second writ, the one in the case at bar, being dated March 6, 1912, returnable at the April term, 1912. The writ in the second suit contained a description of land. At the return term of the second action, the defendant seasonably filed a plea in abatement on the ground of the pendency of another action for the same cause between the same parties. To this plea, the plaintiff made replication and to that replication defendant demurred; the replication and demurrer being filed also at the return term of the writ. At the September Term, 1912, the entry was made, "Defendant's plea in abatement sustained."

The defendant did not set out or enroll, in or with his plea, the record or declaration of the pending action on which he relies. Nearly half a century ago our court substantially adopted the early English practice which required such setting out or enrollment of the record or declaration, and thus far we have not adopted the practice of referring to the files and records of the court in which the alleged prior action might be pending. *Brastow* v. *Barrett,* 82 Maine, 166. The plea in abatement should have been overruled, and the exceptions in the case must be sustained. By virtue of the stipulation on the docket, plaintiff is also to have judgment as of mortgage.

> *Exceptions sustained.*
> *Judgment for plaintiff*
> *as of mortgage.*